**James BURGE, Plaintiff,**

**v.**

**BRYANT PUBLIC SCHOOL DISTRICT OF SALINE COUNTY; Otis Hardin d/b/a Skipper Photos of Little Rock; Davis/Pack Associates, Inc.; and Henington Studio of Wolfe City, Texas, Defendants.**

**No. LR–C–79–442.**

United States District Court, E. D. Arkansas, W. D.

Aug. 25, 1980.

G. Steven Napper, Napper, Wood, Hardin & Grace, North Little Rock, Ark., for plaintiff.

Theodore L. Lamb, Bob Scott, Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

WOODS, District Judge.

## PRELIMINARY STATEMENT

Plaintiff filed his complaint (October 10, 1979) and amended complaint (June 20, 1980) alleging violations of the Clayton Act as amended by the Robinson-Patman Act (Title 15 U.S.C. § 13). Specifically, plaintiff alleged that the defendants violated subparagraph (c) of 15 U.S.C. § 13.

The defendant Bryant Public School District is a nonprofit, tax-supported public school system. Each school year the district requires certain photography work to be. done, and this is generally described by the district as school-day pictures and senior pictures. The completed photography, as well as being sold to individual students, is used by the school district in various ways, including wall decorations and the preparation of the school yearbook. (See Affidavit of Edward Love attached to defendant district's Motion for Summary Judgment.) In determining what photographer will handle these two photography projects, the school district allows photographers to submit bids to the district for approval by the school board. As a part of these bids, the school district informs the photographers that the successful bidder will have to discount or pay to the school district a ten percent (10%) "commission" based on the orders of the students. Additionally, the school district requires that the successful-bidding photographer provide certain photography services over and above the taking of individually posed student photographs. (See defendant Bryant School District's photographic service bid instruction sheet, which is Exhibit 3 to the answer of defendant Bryant School District.)

The plaintiff alleges that the ten percent "commission" combined with the requirements set forth in the Bryant School District bid specification sheet referred to above violate a fiduciary duty owed to the students of Bryant School District and that the same has diminished competition among the various photographers, all in violation of the Robinson-Patman Act. As an affirmative defense to these allegations, the defendants allege that the Nonprofit Institutions Act, 15 U.S.C. § 13c exempts them from application of the Robinson-Patman Act.

All parties have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, alleging that there are no issues of material fact to be decided. The Court agrees that the dispositive facts are not in controversy and therefore will proceed to a consideration of the questions of law governing this case.

## THE ROBINSON–PATMAN ACT

The pertinent provisions of the Robinson-Patman Act alleged to have been violated by the defendants are:

> (c) It shall be unlawful for any person engaged in commerce, in the course of such commerce, to pay or grant, or to receive or accept, anything of value as a commission, brokerage, or other compensation, or any allowance or discount in lieu thereof, except for services rendered in connection with the sale or purchase of goods, wares, or merchandise, either to the other party to such transaction or to an agent, representative, or other intermediary therein where such intermediary is acting in fact for or in behalf, or is subject to the direct or indirect control, of any party to such transaction other than the person by whom such compensation is so granted or paid.

Where the commerce requirement is met, any payments, whether referred to as brokerage or "commissions", are unlawful whether or not there is any adverse impact on competition. To this extent, 15 U.S.C. § 13(c) is an example of *per se* rule. However, payments which take the form of rebates of part of the purchase price can be characterized in some circumstances as indirect discrimination requiring proof of an

adverse impact on competition before a Robinson-Patman Act violation could be found. (Sullivan, Law of Antitrust § 226, 1977 ed.) However, for the purposes of deciding the pending summary judgment motions, this distinction should have no effect and therefore will not be considered by the Court.

The defendants rely on 15 U.S.C. § 13c as an affirmative defense. This statute provides as follows:

> Nothing in sections 13 to 13b and 21a of this title, shall apply to purchases of their supplies for their own use by schools, colleges, universities, public libraries, churches, hospitals, and charitable institutions not operated for profit.

The immediately preceding statute is popularly referred to as the Nonprofit Institutions Act. Apparently it was enacted to prevent the Robinson-Patman Act from unduly burdening charitable institutions attempting to operate at the lowest possible cost.

█ On numerous occasions, the United States Supreme Court has ruled that the antitrust laws (including the Robinson-Patman Act) were to be construed liberally while exceptions from their application were to be construed strictly. *Abbott Labs v. Portland Retail Druggists*, 425 U.S. 1, 11, 96 S.Ct. 1305, 1313, 47 L.Ed.2d 537 (1975); *United States v. McKesson & Robbins*, 351 U.S. 305, 316, 76 S.Ct. 937, 943, 100 L.Ed. 1209 (1956); *FMC v. Seatrain Lines, Inc.*, 411 U.S. 726, 733, 93 S.Ct. 1773, 1778, 36 L.Ed.2d 620 (1973); *Perkins v. Standard Oil Co.*, 395 U.S. 642, 646–47, 89 S.Ct. 1871, 1873–1874, 23 L.Ed.2d 599 (1969). In determining whether or not a particular act is immune from antitrust proscriptions, it should be borne in mind that there is a heavy presumption against implied antitrust immunities. *United States v. National Association of Securities Dealers*, 422 U.S. 694, 719, 95 S.Ct. 2427, 2442, 45 L.Ed.2d 486 (1975); *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 787, 95 S.Ct. 2004, 2013, 44 L.Ed.2d 572 (1975); *United States v. Phila-*

*delphia National Bank*, 374 U.S. 321, 350–51, 83 S.Ct. 1715, 1734–1735, 10 L.Ed.2d 915 (1963). As the Supreme Court said in *Abbott Labs, supra* 425 U.S. at 14, 96 S.Ct. at 1314:

> We therefore conclude that the exemption provision of the Nonprofit Institutions Act is a limited one; that just because it is a nonprofit hospital that is purchasing pharmaceutical products does not mean that all its purchases are exempt from Robinson-Patman; that the test is the obvious one inherent in the language of the statute, namely, "purchases of their supplies for their own use"; and that "their own use" is what reasonably may be regarded as use *by the hospital* in the sense that such use is a part of and promotes the hospital's intended institutional operation in the care of persons who are its patients. This implies the limitation and it turns the measure naturally from the purchase to the use, as § 13c requires.

█ Applying this mode of analysis to the present case, we must conclude that just because Bryant School District is a nonprofit institution does not mean that any and all purchases made by or through it are exempt from the Robinson-Patman Act. Paraphrasing *Abbott Labs*, we must determine whether or not the photographic purchases involved herein were purchases of supplies for their own use. In construing "their own use", we must determine what reasonably may be regarded as use by the school in the sense that such use is a part of and promotes the school's intended institutional operation in the overall education of its students.

█ In the present case, the defendants do not dispute that a ten percent "commission" was required to be paid to the school district by the successfully bidding photographer. This arrangement would appear to involve the sort of "payments" which violate the proscriptions of the subsection of the Robinson-Patman Act with which we

are concerned. (As stated earlier, the Court feels it is unnecessary to engage in a distinction between cases which are *per se* violations of Robinson-Patman and cases which require evidence of anti-competitive effects before a violation can be found to exist.) The question then becomes whether or not the Nonprofit Institutions Act exempts these defendants from application of Robinson-Patman. If the Nonprofit Institutions Act protects the defendant school district, of course it will likewise shield the individual defendants because it has often been said that for every purchase which is subject to the Robinson-Patman Act, there naturally will be both a purchaser and a seller. Therefore, if a particular purchase is exempt from the act, both the seller and the purchaser involved in that transaction must be exempt. *Logan Lanes, Inc. v. Brunswick Corp.*, 378 F.2d 212, 215 (9th Cir. 1967).

■ In the present case, the "supplies" which are the subject of the purchase under consideration are photographs. While photographs may not be typically thought of as supplies, the Court feels that if the other requirements of the Nonprofit Institutions Act are met, the legislative intent of Congress would be best carried out by finding that these in fact are to be considered "supplies". Therefore, the critical consideration in determining whether the Nonprofit Institutions Act applies is whether or not these photographs can be considered to be purchased for the school's own use. The defendants advance a number of "school purposes" including use of the photographs for school bulletin boards and importantly the formulation of a yearbook. It is true that the students make individual purchases for their own use and benefit. However, it cannot be ignored that the uses and purposes advanced by the school district are legitimate and serve important roles in the education of the students. The photographs are an intricate part of the annual yearbook, which is part of the curriculum within the defendant school district. The

Court recognizes the harmonious and unifying impact which these photographic exercises and projects can have on the students (e.g. individual classrooms, service organizations, journalism students). At the very least, a dual "purpose" or "use" exists for these photographs, and the Court finds that there is sufficient use by the defendant school district so as to enable them to come within the purview of the Nonprofit Institutions Act and thereby be exempt from the alleged Robinson-Patman Act violation. The fact that there exists such a dual purpose does not *ipso facto* mean that the non-school purpose must be controlling on the question of whether or not the Nonprofit Institutions Act applied. To paraphrase the court in *Logan Lanes, supra* even if such other non-school use "is substantial this does not necessarily establish that the purchases were not made for the use of the" school district.

## COMMERCIAL BRIBERY

■ The plaintiff additionally argues that "commercial bribery" taints the transaction at issue and that in doing so causes it to violate the Robinson-Patman Act provisions previously cited. Further, because of the plaintiff's allegations that a fiduciary relationship existed between the students and the school district which was breached, resulting in the alleged "commercial bribery", the plaintiff argues that the Nonprofit Institutions Act does not provide a sufficient shield to protect the defendant school district from the acts in question. While the Court recognizes the line of cases cited by the plaintiff for the proposition that the Robinson-Patman Act encompasses commercial bribery tending to undermine the fiduciary relationship between the buyer and its agent as well as those cases involving price discrimination, the Court does not feel that the present case is a representative example of this line of cases. The cases cited by the plaintiff primarily involve a situation where the buyer's agent secretly accepts some sort of bribe in return for

seeing to it that the bribing party receives the business of the agent's buyer. In these cases, repeatedly, the buyer ends up paying a price greater than he normally would have had to pay if the buyer's agent had earnestly sought to secure the lowest possible price for his principal. In the present case there are no such secret dealings. The school district's manner of soliciting the bids and purchasing photographs is a matter of public record. It earnestly seeks to engage the photographer who will provide the school district and the students with the best quality photographs at the lowest possible cost.

## SERVICES RENDERED EXCEPTION

■ An exception to the proscriptions of the Robinson-Patman Act provision in question (15 U.S.C. § 13(c) is found within the reading of the applicable subsection wherein it is stated that "it shall be unlawful for any person engaged in commerce . . . to pay or grant, or to receive or accept, anything of value as a commission, . . . *except for services rendered* in connection with the sale or purchase of goods . . . ." (Emphasis added.) Plaintiff argues that no such services are rendered by the defendant district and that any such services actually rendered are so minimal as to not satisfy the language of this exception. However, the uncontroverted affidavit of . Mr. Edward Love, Superintendent of the Bryant School District, states that the district does in fact perform certain services for the photographer; namely, assisting in organizing the photography shooting schedule, assistance in bookkeeping, assistance in collection of monies, and assistance in setting up studio space. Certainly, these are valuable services rendered by the school district and are of great benefit to the photographer. The court recognizes that without the school district's assistance in organizing the scheduling alone, the photographer would encounter a great many problems in dealing with the number of people involved in these photographic sessions. The Court therefore finds that the school district does in fact render valuable services to the photographer in connection with the sale and purchase of the photographs in question. The consideration given by the photographers in exchange for the services rendered by the school district is of course a matter of contract law and a matter of bargaining between two parties with no significant differences in levels of bargaining power.

## CONCLUSION

The Court therefore finds that there are no genuine issues of material fact surrounding the question of whether or not the Nonprofit Institutions Act applies to this transaction or as to whether or not the "services rendered" exception to the Robinson-Patman Act applies to this transaction. Further, the Court holds that this transaction is exempt from the proscriptions of the Robinson-Patman Act, specifically 15 U.S.C. § 13(c) in that services are rendered by the defendant district in exchange for the ten percent commission received and the Nonprofit Institutions Act likewise exempts this transaction from the Robinson-Patman Act. The plaintiff's motion for summary judgment is denied and the defendants' motions for summary judgment will be granted. Judgment will be entered in accordance with the findings and conclusions of the court.