658 F.2d 611
 1981-2 Trade Cases 64,276
 James BURGE d/b/a James Burge Photography, Appellant,
v.
BRYANT PUBLIC SCHOOL DISTRICT OF SALINE COUNTY; Otis Hardin
d/b/a Skipper Photos of Little Rock; Davis/Pack
Associates, Inc.; and Henington Studio
of Wolfe City, Texas, Appellees.
 No. 80-1902.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 12, 1981.
Decided Sept. 9, 1981.
 
 G. Steven Napper, Napper, Wood, Hardin, Grace, Downing & Allen, P. A., North Little Rock, Ark., for James Burge d/b/a James Burge Photography.
 Theodore L. Lamb, Little Rock, Ark., for appellees.
 Before HENLEY and ARNOLD, Circuit Judges, and BECKER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 James Burge appeals from an order of the District Court[1] granting summary judgment for defendants in an action brought under Section 2(c) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. § 13(c). Burge claims that in requiring successful bidders for school-district photographic work to provide a discount or pay a "commission" and to provide certain gratuitous photographic services, the Bryant Public School District violated a fiduciary duty owed to the district's students and accepted an unlawful commission or brokerage payment. Burge attempted to secure a contract with the district for photographic work, but his bid was unsuccessful.
 
 
 2
 The District Court 520 F.Supp. 328, held that this purchase came within the Nonprofit Institutions Act, 15 U.S.C. § 13c, and was therefore exempt from the Robinson-Patman Act. It also held that the "services rendered" exception, embodied in Section 2(c) itself, applied to the transaction. Without reaching the issue of exemption under the Robinson-Patman Act, we affirm on the latter ground, substantially for the reasons stated in the District Court's memorandum opinion. See 8th Cir. R. 14. There is no genuine issue of material fact as to whether services were rendered by the Bryant Public School District in exchange for the commission it received. The school district rendered valuable services to the photographer in connection with the sale and purchase of the photographs that were taken. The services, including the provision of space in which photographs of students could be taken and the use of school employees to schedule the students for their sittings, were not de minimis.
 
 
 3
 Affirmed.
 
 
 
 *
 The Hon. William H. Becker, Senior United States District Judge for the Western District of Missouri, sitting by designation
 
 
 [1]
 The Hon. Henry Woods, United States District Judge for the Eastern District of Arkansas